IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **Penovia LLC,**<br><br>　　　　　**Plaintiff,**<br>**v.**<br><br>**ASUS Computer International,**<br><br>　　　　　**Defendant.** | **Civil Action No. 2:13-cv-771 [JRG]**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT ASUS COMPUTER INTERNATIONAL'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Asus Computer International ("ACI"), by and through its counsel, answers Plaintiff Penovia LLC's ("Penovia") Complaint as follows:

**PARTIES AND JURISDICTION**

1.　ACI admits that, on its face, Plaintiff's Complaint seeks damages for alleged patent infringement.

2.　ACI admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3.　ACI denies Penovia obtained ownership of U.S. Patent No. 5,822,221 ("the '221 patent"). ACI lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 3 of the Complaint, and on that basis, denies them.

4.　ACI admits that Asus Computer International is organized and existing under the laws of California and that it has its principal place of business in Fremont, California. For the purposes of this action only, ACI does not contest that it conducts business in this judicial district. ACI denies the remaining allegations of paragraph 4 of the Complaint.

5. For the purposes of this action only, ACI does not contest that the Asus RT-N15 Wireless Router has been offered for sale in the Eastern District of Texas. ACI denies the remaining allegations of paragraph 5 of the Complaint.

## VENUE

6. ACI denies that this district is the most convenient for adjudicating the claims alleged by Penovia in this action. ACI denies the remaining allegations of paragraph 6 of the Complaint.

## COUNT 1
### (ALLEGED INFRINGEMENT OF UNITED STATES PATENT NO. 5,822,221)

7. ACI incorporates by reference Paragraphs 1-6, above, as if fully set forth herein.

8. ACI admits that, on its face, Plaintiff's Complaint alleges patent infringement.

9. ACI lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 9 of the Complaint, and on that basis, denies them.

10. ACI admits that a document that on its face appears to be a copy of U.S. Patent No. 5,822,221 ("the '221 patent") was attached to Plaintiff's Complaint.

11. ACI denies any allegations of validity of the '488 patent. ACI lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 11 of the Complaint, and on that basis, denies them.

12. ACI admits that, according to the USPTO website, the '221 patent expired on October 13, 2010. ACI lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 12 of the Complaint, and on that basis, denies them.

13. ACI denies the allegations of Paragraph 13 of the Complaint.

14. ACI lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 14 of the Complaint, and on that basis, denies them.

15. ACI denies any allegations of infringement of the '221 patent. ACI admits that, on its face, Plaintiff's Complaint appears to limit its claim for damages to a short time period.

### PRAYER FOR RELIEF

ACI denies the allegations in Penovia's prayer for relief and denies that Penovia is entitled to any of the relief it requested.

### GENERAL DENIAL

16. To the extent that any of the allegations of the Complaint are not specifically admitted, ACI hereby denies them.

### AFFIRMATIVE DEFENSES

17. Without conceding that any of the following necessarily must be pled as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to ACI's right to plead additional defenses as discovery of the facts of the matter warrant, ACI adopts and incorporates by reference, as if set forth herein, any affirmative defense asserted by any other defendant in any related actions to the extent that such affirmative defense would be applicable to ACI, and ACI also asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

18. As and for a separate affirmative defense, ACI alleges that it has not infringed and does not infringe any valid and asserted claim of the '221 patent, either literally or under the doctrine of equivalents, either directly or by inducing infringement or contributing to infringement.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

19. The claims of the '221 patent are invalid at least due to anticipation by or obviousness over prior art, and/or unenforceable for failure to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq., including, but not limited to, §§ 101-103, 112, 116, and/or 185.

## THIRD AFFIRMATIVE DEFENSE
### (Laches, Waiver, Acquiescence, Unclean Hands, Estoppel, and/or Statute of Limitations)

20. The remedies requested by Penovia are barred by laches, waiver, acquiescence, unclean hands, estoppel, and/or 35 U.S.C. § 286.

## FOURTH AFFIRMATIVE DEFENSE
### (Claim Construction Estoppel)

21. Penovia is estopped from asserting any interpretation of any of the claims of the '221 patent that would be broad enough to cover any accused product that is allegedly made, used, imported, sold, and/or offered to be sold by ACI by reasons of statements, representations, amendments, omissions, and/or concessions made to the United States Patent and Trademark Office during the prosecution of the application for issuance of the '221 patent, or by reasons of prior acts.

## FIFTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

22. Penovia is estopped from asserting infringement under the doctrine of equivalents of any of the claims of the '221 patent that would be broad enough to cover any accused product that is allegedly made, used, imported, sold, and/or offered to be sold by ACI by reasons of statements, representations, amendments, omissions, and/or concessions made to the United

States Patent and Trademark Office during the prosecution of the application for issuance of the '221 patent, or by reasons of prior acts.

### SIXTH AFFIRMATIVE DEFENSE
### (Exhaustion / Implied License)

23. Penovia is barred from obtaining any relief sought in the Complaint to the extent that the '221 patent is subject to the doctrines of patent exhaustion or implied license.

### SEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

24. Penovia is not entitled to injunctive relief because '221 patent is expired, any alleged injury to Penovia is not immediate or irreparable and Penovia has an adequate remedy at law.

### EIGHTH AFFIRMATIVE DEFENSE
### (Improper Inventorship)

25. To the extent the application which issued as the '221 patent failed to include the names of the correct and true inventors of the claimed subject matter as required by 35 U.S.C. §§ 101, 102(f), and/or 116, the asserted claim of the '221 patent is invalid and/or unenforceable.

### NINTH AFFIRMATIVE DEFENSE
### (Use/Manufacture By/For Government)

26. To the extent that any accused product has been used or manufactured by or for the United States Government, claims and demand for relief by Penovia based on the '221 patent are barred by 28 U.S.C. § 1498.

### TENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

27. The Complaint fails to state a claim on which relief can be granted because ACI has not performed any act, and is not proposing to perform any act, in violation of any rights validly belonging to Penovia.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Patent Marking)

28. Any claim for damages for patent infringement is limited, at a minimum, by 35 U.S.C. 287 to those damages occurring after notice of infringement.

### TWELFTH AFFIRMATIVE DEFENSE
### (Limitations on Damages)

29. Any claim for damages for patent infringement is limited, at a minimum, by 35 U.S.C. 288, and by the expiration of the '221 patent.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

30. To the extent that the inventors or assignee of the '221 patent participated in developing a technical standard related to the claims of the '221 patent, any claim for damages for patent infringement is barred by equitable estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Improper Assignment)

31. To the extent Penovia has not acquired the right to sue for past damages under the '221 patent, Penovia is not entitled to seek damages for infringement of the '221 patent.

### DEMAND FOR JURY TRIAL

Defendant ACI, under Federal Rule of Civil Procedure 38(b) and Local Rule CV-38, requests a trial by jury of any issues so triable by right.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Asus Computer International, having completely and fully provided its Answer to the Complaint, prays for a final judgment against Penovia LLC, respectfully requesting the following relief:

A. A judgment that the Complaint be dismissed with prejudice;

    B.    A judgment that ACI has not infringed the claims of the asserted patent;

    C.    A judgment that the claims of the asserted patent are invalid or unenforceable;

    D.    A judgment under 35 U.S.C. § 285 awarding ACI its costs and reasonable attorneys' fees expended in defending and maintaining this action; and

    E.    A judgment awarding ACI such other and further relief as the Court may deem just and proper.

Dated:  November 27, 2013

Respectfully submitted,

*/s/ E. Glenn Thames, Jr.*
Alfredo A. Bismonte
abismonte@beckllp.com
*Lead Counsel*
Jeremy M. Duggan
jduggan@beckllp.com
Beck, Bismonte & Finley, LLP
150 Almaden Boulevard, 10th Floor
San Jose, CA 95113
Tel: (408) 938-7900
Fax: (408) 938-0790

E. Glenn Thames, Jr.
Texas State Bar No. 00785097
glennthames@potterminton.com
POTTER MINTON
A PROFESSIONAL CORPORATION
110 N. College Avenue, Suite 500
Tyler, TX 75702
(903) 597-8311 Telephone
(903) 593-0846 Telecopier

*Counsel for ASUS Computer International*

## CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV- 5(a)(3) on November 27, 2013. All other counsel of record will be served by U.S. first-class mail on this same date.

*/s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.